

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*  *973/645-2700*
*Newark, NJ 07102*

SBM/PL AGR
2008R00902

February 19, 2013

Blair R. Zwillman, Esq.
Weiner Lesniak LLP
629 Parsippany Road
P.O. Box 0438
Parsippany, NJ 07054

      Re: <u>Plea Agreement with Jose Katz</u>

Dear Mr. Zwillman:

      This letter sets forth the plea agreement between your client, Jose Katz, and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on February 21, 2013.

<u>Charges</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Jose Katz to a two-count Information, which charges him in Count One with conspiring to commit health care fraud, contrary to 18 U.S.C. § 1347, in violation of 18 U.S.C. § 1349; and in Count Two with false, fictitious, and fraudulent claims to the U.S. Social Security Administration ("SSA") in violation of 18 U.S.C. § 287. If Jose Katz enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Jose Katz for (1) agreeing with others to bill Medicare, Medicaid, and private insurers for (a) medically unnecessary tests and procedures; (b) treatments of enhanced external counter pulsation ("EECP") based on willfully false diagnoses of disabling stable angina on various patients; and (c) medical services and treatments rendered by unlicensed physicians and non-physicians, from 2004 through 2012; and (2) providing a "no-show" job at Cardio-Med Services, LLC, to an individual with the initials "A.K." and causing false and fraudulent Forms W-2 and W-3 to be filed on behalf of A.K. with the Internal Revenue Service and the SSA, from 2004 through 2012. Full compliance with all the terms of this agreement requires, among other things, Jose Katz's truthful admission to his participation in all of the conduct described above. In the event that a guilty plea in this

RECEIVED FEB 21 2013



matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Jose Katz may be commenced against him, notwithstanding the expiration of the limitations period after Jose Katz signs the agreement. Should the Court at any time reject the plea under Federal Rule of Criminal Procedure 11(c)(1)(C) or act contrary to its terms, either party may elect to be relieved of the terms of this plea, and the parties will be returned to the status prior to the entry of the plea.

<u>Sentencing</u>

The violation of 18 U.S.C. § 1349 (Count One) to which Jose Katz agrees to plead guilty carries a statutory maximum prison sentence of 10 years, and a statutory maximum fine equal to the greatest of (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 287 (Count Two) to which Jose Katz agrees to plead guilty carries a statutory maximum prison sentence of five years, and a statutory maximum fine equal to the greatest of (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

This Office and Jose Katz agree that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment to be imposed on Jose Katz should be as set forth in the attached Schedule A. Pursuant to Rule 11(c)(1)(C), this Office and Jose Katz agree that no other sentence of imprisonment is appropriate, besides that set forth in Schedule A. If the Court accepts this plea agreement, Jose Katz must be sentenced accordingly.

The sentence to be imposed upon Jose Katz is within the sole discretion of the sentencing judge, subject to the terms of the stipulated sentence under Federal Rule of Criminal Procedure 11(c)(1)(C), the provisions of the Sentencing Reform Act, 18

U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Jose Katz ultimately will receive, except as provided by the terms of the stipulated sentence under Federal Rule of Criminal Procedure 11(c)(1)(C).

Further, in addition to imposing any other penalty on Jose Katz, the sentencing judge (1) will order Jose Katz to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Jose Katz to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) may order Jose Katz, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7); and (5) pursuant to 18 U.S.C. § 3583, may require Jose Katz to serve a term of supervised release of not more than three years per count, which will begin at the expiration of any term of imprisonment imposed. Should Jose Katz be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Jose Katz may be sentenced to not more than two years' imprisonment per count in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Jose Katz by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of (1) this agreement, and (2) the full nature and extent of Jose Katz's activities and relevant conduct with respect to this case.

Stipulations

      This Office and Jose Katz agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Each party reserves the right to present facts and make arguments regarding the appropriate Guidelines range under the United States Sentencing Guidelines.

Waiver of Appeal and Post-Sentencing Rights

      As set forth in Schedule A, this Office and Jose Katz waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

      Jose Katz agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 982(a)(7), Jose Katz will forfeit to the United States all right, title, and interest in any property, real or personal, that constitutes or is derived from proceeds traceable to the offense of conviction (the "Forfeitable Property"). Defendant acknowledges that the Forfeitable Property is subject to forfeiture as property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to a violation of 18 U.S.C. § 1349 (relating to health care fraud contrary to 18 U.S.C. § 1347), which is a Federal health care offense within the meaning of 18 U.S.C. § 982(a)(7).

      Jose Katz further agrees and consents to (1) the entry of a forfeiture money judgment in the amount of the Forfeitable Property, and (2) the entry of orders of forfeiture for the Forfeitable Property. Jose Katz also waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. In addition, Jose Katz hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

      Jose Katz also hereby waives any failure by the Court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal

Rules of Criminal Procedure at the guilty plea proceeding, and acknowledges his understanding that (1) the forfeiture of assets is part of the sentence that may be imposed in this case; (2) in addition to the Forfeitable Property described above, he may also be subject to additional restitution as part of his sentence in this case; and (3) the United States may bring civil affirmative enforcement and/or civil forfeiture actions against him.

Immigration Consequences

Jose Katz understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Jose Katz understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Jose Katz wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Jose Katz understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Jose Katz waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Jose Katz. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Jose Katz.

Accounting of Funds

As part of this agreement, Jose Katz agrees to provide to this Office a full accounting, under penalty of perjury, of all monies paid to, or assets received by, Jose Katz, directly or indirectly, from Cardio-Med Services, LLC; Comprehensive Healthcare and Medical Services, LLC; or Medicare, Medicaid, or any other insurer, from 2004 through the present.

Moreover, Jose Katz recognizes that this full accounting will be provided as part of, and in partial consideration for, this Office's agreement to stipulate to a Guidelines offense level between 25 and 27. Accordingly, Jose Katz recognizes and agrees that in no way shall Jose Katz be permitted to argue at any proceeding that he should receive credit, either under a theory of acceptance of responsibility or pursuant to any factor listed in 18 U.S.C. § 3553(a), for his provision of information made as part of his accounting of funds. Notwithstanding the above, however, if Jose Katz makes full or substantial restitution payments or forfeits substantial assets prior to sentencing, he may argue the relevance of such payments at the time of sentencing as part of his acceptance of responsibility and/or pursuant to any factor listed in 18 U.S.C. § 3553(a).

No Other Promises

This agreement constitutes the plea agreement between Jose Katz and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Scott B. McBride
Assistant U.S. Attorney

APPROVED:

_____
Thomas J. Eicher
Chief, Criminal Division


   I have received this letter from my attorney, Blair R. Zwillman, Esq.  I have read it.  My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences.  I understand this letter fully.  I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties.  I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.  I want to plead guilty pursuant to this plea agreement.


AGREED AND ACCEPTED:

_____  Date: 2/21/13
Jose Katz


   I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences.  My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 2/21/13
Blair R. Zwillman, Esq.

<u>Plea Agreement With Jose Katz</u>

<u>Schedule A</u>

1. This Office and Jose Katz agree that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment to be imposed on Jose Katz should be as set forth in this Schedule A. This Office and Jose Katz further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2012, applies in this case.

<u>Preliminary Grouping Analysis</u>

3. The offense levels for Counts One (health care fraud conspiracy) and Two (Social Security fraud) are determined largely on the basis of the total amount of loss. Consequently, these offenses of conviction involve substantially the same harm and shall be grouped together into a single Group (the "Group"). <u>See</u> U.S.S.G. § 3D1.2(d).

4. The offense level applicable to the Group is the offense level corresponding to the aggregated loss. <u>See</u> § 3D1.3(b).

<u>Count One — Conspiracy to Commit Health Care Fraud</u>

5. The applicable guidelines are U.S.S.G. §§ 2X1.1 (conspiracy) and 2B1.1 (fraud and deceit).

6. Jose Katz and his co-conspirators completed all the acts they believed necessary on their part for the successful completion of the substantive offense. <u>See</u> U.S.S.G. § 2X1.1(b)(2).

7. The offense of conviction carries a statutory maximum of fewer than 20 years. Consequently, this guideline carries a Base Offense Level of 6. <u>See</u> § 2B1.1(a).

8. As stated above, the loss for each offense of conviction is determined by aggregating the loss for those offenses. <u>See</u> U.S.S.G. §§ 3D1.2(d), 3D1.3(b). Under Count One, the reasonable estimate of loss to Medicare, Medicaid, and private insurers was (a) $5,600,000 related to unnecessary medical testing, (b) $12,890,000 related to fraudulent EECP

treatments ($11,880,000 for Medicare; $730,000 for Medicaid; $220,000 for Aetna; $60,000 for Empire Blue Cross Blue Shield), and (c) $510,000 related to evaluation and management services provided by an unlicensed physician, for a total loss of $19,000,000. Under Count Two, the intended loss to the U.S. Social Security Administration was $263,000. The total loss is therefore $19,263,000. Because the total loss is more than $7,000,000 but not more than $20,000,000, the Specific Offense Characteristic addressing loss results in an increase of 20 levels. See § 2B1.1(b)(1)(K).

9. Because Jose Katz was convicted of a Federal health care offense involving a Government health care program and the loss amount associated with that offense was more than $7,000,000, the offense level is increased by three levels. See § 2B1.1(b)(8).

10. Because the offense of health care fraud conspiracy involved the conscious and reckless risk of serious bodily injury, the offense level is increased by two levels. See § 2B1.1(b)(14)(A).

11. Because Jose Katz was an organizer and leader of a criminal activity that involved more than five participants and was otherwise extensive, a four-level upward adjustment applies. See § 3B1.1(a).

12. Because Jose Katz abused a position of public and private trust in a manner that significantly facilitated the commission and concealment of the offense, a two-level upward adjustment applies. See § 3B1.3.

13. The preliminary offense level applicable to Count One is therefore a level 37.

Count Two — Social Security Fraud

14. The applicable guideline is § 2B1.1. The offense of conviction carries a statutory maximum of fewer than 20 years. Consequently, this guideline carries a Base Offense Level of 6. See § 2B1.1(a).

15. As stated above, the aggregated loss amount is $19,263,000. Because the total loss is more than $7,000,000 but not more than $20,000,000, the Specific Offense Characteristic addressing loss results in an increase of 20 levels. See § 2B1.1(b)(1)(K).

16. The preliminary offense level applicable to Count Two is therefore a level 26.

Final Grouping Analysis

17. As stated above, Counts One and Two are grouped together, as their respective offense levels are determined largely on the basis of the total amount of loss. See § 3D1.2(d). The offense level for the Group is the offense level corresponding to the aggregated quantity, as determined above. See § 3D1.3(b). Consequently, the combined offense level applicable to the Group under Chapter Three, Part D is a level 37. See § 3D1.1(a).

Acceptance of Responsibility

18. As of the date of this letter, Jose Katz has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of two levels for acceptance of responsibility is appropriate if Jose Katz's acceptance of responsibility continues through the date of sentencing. See § 3E1.1(a).

19. As of the date of this letter, Jose Katz has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further one-point reduction in Jose Katz's offense level pursuant to § 3E1.1(b) if the following conditions are met: (a) Jose Katz enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Jose Katz's acceptance of responsibility has continued through the date of sentencing and Jose Katz therefore qualifies for a two-point reduction for acceptance of responsibility pursuant to § 3E1.1(a), and (c) Jose Katz's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

Departures

20. Jose Katz intends to move for a downward departure of seven levels under U.S.S.G. §§ 5K2.0(a)(1)(A) & (a)(2)(B), 5H1.1 (Age), 5H1.4 (Physical Condition), and 5H1.11 (Record of Prior Good Works), and the government agrees that it will not oppose this limited departure.

21. Jose Katz reserves the right to move for a downward departure of an additional two levels under U.S.S.G. §§ 5K2.0(a)(1)(A) & (a)(2)(B), 5H1.1 (Age), 5H1.4 (Physical Condition), and 5H1.11 (Record of Prior Good Works). The government reserves the right to oppose such a motion. The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein.

The Stipulated Sentence

22. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Jose Katz is in between a level 25 and a level 27 (the "Stipulated Sentence"). The parties agree that the Stipulated Sentence is reasonable, taking into account all of the factors under 18 U.S.C. § 3553(a), and neither party will argue for a sentence of imprisonment above or below the Stipulated Sentence.

Waivers and Rights

23. Jose Katz knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges his conviction to any of the counts in the Information. Neither Jose Katz nor this Office will file any appeal, motion, or writ that challenges the sentence of imprisonment imposed by the sentencing court if that sentence is consistent with the terms of the Stipulated Sentence.

24. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.